UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------
CARLOS SERGIO PACHECO,

                       Plaintiff,

  -against-

93 OLD MONTAUK OWNERS, INC., GURNEY'S INN
RESORT & SPA LLC and ABC CORP., a fictitious name
intending to be that of an unknown general contractor,

                      Defendants.
---------------------------------------------

CASE NO. 21-cv-2397

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendant on March 24, 2021, in the County of Suffolk, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Eastern District of New York in that the events giving rise to this action occurred within the Eastern District of New York.

## III. THE PARTIES

5. At all times herein mentioned, plaintiff CARLOS SERGIO PACHECO was and still is a citizen and resident of Spain.

6. Defendant 93 OLD MONTAUK OWNERS, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

7. Defendant GURNEY'S INN RESORT & SPA LLC, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

8. At all times herein mentioned, Lloyd Goldman and George Filopoulos were and still are the members of defendant GURNEY'S INN RESORT & SPA LLC.

9. At all times herein mentioned, Lloyd Goldman was and still is a citizen and resident of New York.

10. At all times herein mentioned, George Filopoulos was and still is a citizen and resident of New York.

11. Defendant ABC CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of an unknown State, with its principal place of business situated in an unknown County and an unknown State.

## IV. FACTUAL ALLEGATIONS

12. On March 24, 2021, plaintiff CARLOS SERGIO PACHECO was performing certain construction work at the premises known as "The Residences at Gurney's" located at 272 Old Montauk Highway, Montauk, NY 11954, [hereinafter referred to as the "Subject Premises"] as a

worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

13. On March 24, 2021, plaintiff CARLOS SERGIO PACHECO was employed by Realistic Home Repair.

14. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 93 OLD MONTAUK OWNERS, INC.

15. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GURNEY'S INN RESORT & SPA LLC.

16. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

17. That at some point prior to March 24, 2021, defendant 93 OLD MONTAUK OWNERS, INC., entered into an agreement with ABC CORP., wherein and whereby it was agreed, among other things, that ABC CORP. would perform construction work and provide labor services at the subject premises.

18. That on March 24, 2021, ABC CORP. was the general contractor working at the subject premises for defendant 93 OLD MONTAUK OWNERS, INC.

19. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

20. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

21. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

22. That at some point prior to March 24, 2021, defendant 93 OLD MONTAUK OWNERS, INC. entered into an agreement with Realistic Home Repair, wherein and whereby it was agreed, among other things, that Realistic Home Repair would perform construction work and provide labor services at the subject premises.

23. That on March 24, 2021, Realistic Home Repair was the contractor working at the subject premises for defendant 93 OLD MONTAUK OWNERS, INC.

24. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

25. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

26. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

27. That at some point prior to March 24, 2021, defendant GURNEY'S INN RESORT & SPA LLC entered into an agreement with ABC CORP., wherein and whereby it was agreed, among other things, that ABC CORP. would perform construction work and provide labor services at the subject premises.

28. That on March 24, 2021, ABC CORP. was the general contractor working at the subject premises for defendant GURNEY'S INN RESORT & SPA LLC.

29. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

30. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

31. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

32. That at some point prior to March 24, 2021, defendant GURNEY'S INN RESORT & SPA LLC entered into an agreement with Realistic Home Repair, wherein and whereby it was agreed, among other things, that Realistic Home Repair would perform construction work and provide labor services at the subject premises.

33. That on March 24, 2021, Realistic Home Repair was the contractor working at the subject premises for defendant GURNEY'S INN RESORT & SPA LLC.

34. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

35. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

36. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

37. That at some point prior to March 24, 2021, defendant ABC CORP., entered into an agreement with Realistic Home Repair, wherein and whereby it was agreed, among other things, that Realistic Home Repair, would perform construction work and provide labor services at the subject premises.

38. That on March 24, 2021, Realistic Home Repair was the contractor working at the subject premises for defendant ABC CORP.

39. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

40. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

41. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

42. That thereafter, and on or about March 24, 2021, Realistic Home Repair was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 93 OLD MONTAUK OWNERS, INC.

43. That thereafter, and on or about March 24, 2021, Realistic Home Repair was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GURNEY'S INN RESORT & SPA LLC.

44. That thereafter, and on or about March 24, 2021, Realistic Home Repair was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

45. That thereafter, and on or about March 24, 2021, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 93 OLD MONTAUK OWNERS, INC.

46. That thereafter, and on or about March 24, 2021, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises

which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GURNEY'S INN RESORT & SPA LLC.

47. That at all times herein mentioned, and or about March 24, 2021, plaintiff CARLOS SERGIO PACHECO was actually engaged in the course of his employment as a construction laborer by Realistic Home Repair, which said contractor was engaged by defendant 93 OLD MONTAUK OWNERS, INC. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 93 OLD MONTAUK OWNERS, INC., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

48. That at all times herein mentioned, and or about March 24, 2021, plaintiff CARLOS SERGIO PACHECO was actually engaged in the course of his employment as a construction laborer by Realistic Home Repair, which said contractor was engaged by defendant GURNEY'S INN RESORT & SPA LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant GURNEY'S INN RESORT & SPA LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

49. That at all times herein mentioned, and or about March 24, 2021, plaintiff CARLOS SERGIO PACHECO was actually engaged in the course of his employment as a construction laborer by Realistic Home Repair, which said contractor was engaged by defendant ABC CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by

defendant ABC CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

50. That on or about March 24, 2021, and while plaintiff CARLOS SERGIO PACHECO was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Realistic Home Repair, he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

51. That at all times herein mentioned, and on or about March 24, 2021, defendant 93 OLD MONTAUK OWNERS, INC., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Realistic Home Repair, plaintiff's employer.

52. That at all times herein mentioned, and on or about March 24, 2021, defendant 93 OLD MONTAUK OWNERS, INC., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Realistic Home Repair, plaintiff's employer.

53. That at all times herein mentioned, and on or about March 24, 2021, defendant GURNEY'S INN RESORT & SPA LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Realistic Home Repair, plaintiff's employer.

54. That at all times herein mentioned, and on or about March 24, 2021, defendant GURNEY'S INN RESORT & SPA LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Realistic Home Repair, plaintiff's employer.

55. That at all times herein mentioned, and on or about March 24, 2021, defendant ABC CORP., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Realistic Home Repair, plaintiff's employer.

56. That at all times herein mentioned, and on or about March 24, 2021, defendant ABC CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Realistic Home Repair, plaintiff's employer.

57. Defendant 93 OLD MONTAUK OWNERS, INC. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff CARLOS SERGIO PACHECO, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

58. Defendant 93 OLD MONTAUK OWNERS, INC. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

59. Defendant 93 OLD MONTAUK OWNERS, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

60. Defendant 93 OLD MONTAUK OWNERS, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

61. Defendant 93 OLD MONTAUK OWNERS, INC. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

62. Defendant 93 OLD MONTAUK OWNERS, INC. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

63. Defendant GURNEY'S INN RESORT & SPA LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff CARLOS SERGIO PACHECO, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

64. Defendant GURNEY'S INN RESORT & SPA LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

65. Defendant GURNEY'S INN RESORT & SPA LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

66. Defendant GURNEY'S INN RESORT & SPA LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

67. Defendant GURNEY'S INN RESORT & SPA LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

68. Defendant GURNEY'S INN RESORT & SPA LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

69. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff CARLOS SERGIO PACHECO, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

70. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

71. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

72. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

73. Defendant ABC CORP., breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

74. Defendant ABC CORP., owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

75. By reason of the foregoing, plaintiff CARLOS SERGIO PACHECO was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff CARLOS SERGIO PACHECO will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. FIRST CAUSE OF ACTION

76. The allegations of the preceding paragraphs are repeated here as if fully stated.

77. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

78. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,00.00) Dollars.

### VI. SECOND CAUSE OF ACTION

79. The allegations of the preceding paragraphs are repeated here as if fully stated.

80. On March 24, 2021, plaintiff CARLOS SERGIO PACHECO was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

81. The work contracted for by the defendant 93 OLD MONTAUK OWNERS, INC. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

82. The work contracted for by the defendant GURNEY'S INN RESORT & SPA LLC. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

83. The work contracted for by the defendant ABC CORP. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

84. Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

85. Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

86. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,00.00) Dollars.

## VII. **DEMAND FOR TRIAL**

87. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
      April 28, 2021

_____
**By: Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                CASE NO. 21-cv-2397
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARLOS SERGIO PACHECO,
                    Plaintiff,

   -against-

93 OLD MONTAUK OWNERS, INC., GURNEY'S INN RESORT & SPA LLC and ABC CORP., a fictitious name intending to be that of an unknown general contractor,
                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT AND JURY DEMAND**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777